IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-03251-M-RJ

RANDALL FOLTYNIEWICZ,  )
                       )
            Plaintiff, )
                       )
       v.              )        **ORDER**
                       )
UNITED STATES SUPREME COURT, )
et al.,                )
                       )
            Defendants. )

On October 20, 2025, Randall Foltyniewicz ("plaintiff"), presently a civil detainee at F.M.C. Butner, see United States v. Foltyniewicz, No. 6:25-CR-00005-JFH-1 (E.D. Okla.), Order of Commitment [D.E. 60] (Apr. 30, 2025), Min. Order [D.E. 73] (May 15, 2025), filed *pro se* this action under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), Compl. [D.E. 1], and a motion to proceed without prepayment of fees, Mot. [D.E. 2].

Plaintiff subsequently filed motions seeking a hearing, Mot. [D.E. 8], an order imposing fines, Mot. [D.E. 9], an expedited ruling, Mot. [D.E. 10], and to compel, Mot. [D.E. 11].

The court now conducts its initial review of the complaint under 28 U.S.C. § 1915 and, for the reasons discussed below, dismisses the action without prejudice.

Legal Standard:

When reviewing applications for leave to proceed *in forma pauperis*, the court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an

indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

In Bivens, the Supreme Court "'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" Iqbal, 556 U.S. at 675 (citation omitted). To state a cognizable Bivens claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Plaintiff's Complaint:

Plaintiff generally alleges violations of his First, Fifth, and Fourteenth Amendment rights, and names as defendants the United States Supreme Court, Supreme Court Clerk Scott S. Harris, and Assistant Clerk Angela Jimenez. See Compl. [D.E. 1] at 1–2.

Plaintiff specifically alleges, *inter alia*, that: he petitioned the Supreme Court for a writ of mandamus to compel the Chief Judge of the U.S. District Court for the Eastern District of Oklahoma to process two civil suits; despite outlining facts and grounds for relief, and moving to

Case 5:25-ct-03251-M-RJ   Document 12   Filed 02/11/26   Page 2 of 7

proceed *in forma pauperis*, his petition was rejected for failing to follow Supreme Court rules; he is detained, which "clears the need to formally pursue financial disclosures [sic]"; and his email seeking assistance with filings was rejected due to a physical letter policy. Id. at 3.

As his "grounds," plaintiff writes, *inter alia*: he has a First Amendment right to petition his government and speak, "which would cover communications with S. Ct. Judges [sic]"; he has a right to access the courts, "including due process" under the Fifth Amendment; he has equal protection rights under the Fourteenth Amendment; preventing electronic communication violates the First Amendment; requiring a filing fee discriminates against the poor and inmate populations; and "requiring forms and rules (not laws!!!) discriminates against those with mental disabilities"; he "cannot understand what is required/understand a pucking [sic] process for justice!!!"; and he "has been severely wronged by this SHITHOLE GOVT + [he is] OWED RELIEF!!!!" Id. at 4.

For relief, plaintiff seeks an order that, *inter alia*: directs the Supreme Court to docket his petition and to rule immediately; acknowledges "that filing fees are a barrier to justice"; directs "all courts to waive/process non-form legal materials"; acknowledges constitutional rights "outrank the policies/procedures of all courts"; directs the Supreme Court Clerk's Office to "stop being a pucking [sic] gatekeeper to justice by rejecting requests for help at the 1st chance they get"; directs the F.B.I. to conduct an exhaustive investigation into the deprivations of rights under color op [sic] law by the Supreme Court under 18 U.S.C. § 242; awards "the theoretical maximum amount of punitive damages [sic]"; provides "free civil defenders to help navigate through your never-ending cycle of bullshit [sic]"; awards "psychological damages" for substantial emotional distress; awards "physical damages" for physical injuries and poor conditions of confinement; awards "miscellaneous damages" due to loss of time, property, and reputation; and awards "compensatory relief" for the time required to prepare his legal filings. See id. at 5–9.

3

Plaintiff attaches a letter from the Office of the Clerk of the Supreme Court, dated September 22, 2025, and signed by Angela Jimenz on behalf of Clerk Scott S. Harris, that returns plaintiff's petition seeking a writ of mandamus for failing to comply with various Supreme Court rules, but also purports to enclose forms for plaintiff to use. See Compl. Attach. [D.E. 1-1] at 1.

Discussion:

First, to invoke the power of a federal court, plaintiff must establish he has standing to sue. U.S. Const. art. III, § 2 (empowering the federal judiciary to resolve "Cases" and "Controversies"); see Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016), as revised (May 24, 2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy" that a plaintiff must establish); Doe v. Obama, 631 F.3d 157, 160 (4th Cir. 2011) (noting "'standing is an essential and unchanging part' of that case-or-controversy requirement" (citations omitted)).

To establish Article III standing, plaintiff must show that:

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000).

Here, because plaintiff fails to plausibly allege a "concrete injury in fact" that is "fairly traceable" to defendants, and that is likely to be redressed by a favorable decision, he has not met his burden of establishing the elements of Article III standing, see Spokeo, 578 U.S. at 338; Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992), and the court lacks subject-matter jurisdiction. Ali v. Hogan, 26 F.4th 587, 595 (4th Cir. 2022); South Carolina v. United States, 912 F.3d 720, 726 (4th Cir. 2019); see Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) (noting subject-matter jurisdiction cannot be waived, and that "[a] federal court has an independent obligation to assess its subject-matter jurisdiction" and may do so *sua sponte*).

Alternatively, even if plaintiff has standing, the United States Supreme Court is not a "person" amenable to suit under Bivens, see Iqbal, 556 U.S. at 676; see also Hensley v. U.S. Dist. Ct. E. Dist. of Cal., No. CIVS071546FCDDADPS, 2008 WL 480000, at *14 (E.D. Cal. Feb. 19, 2008), report and recommendation adopted sub nom. Gary Lee Hensley v. U.S. Dist. Ct. E. Dist. of Cal., No. CIVS071546FCDDADPS, 2008 WL 800638 (E.D. Cal. Mar. 26, 2008), and his bald, threadbare allegations against the individually named defendants fail to state cognizable due process, equal protection, or access-to-courts claims, see Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); cf. Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001); Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997).

In further alternative, the court declines to recognize a Bivens cause of action. In Ziglar v. Abbasi, 582 U.S. 120, 130–31 (2017) ("Abbasi"), the Supreme Court noted it had recognized Bivens causes of action in only three instances – a Fourth Amendment claim in Bivens, a Fifth Amendment Equal Protection Clause claim in Davis v. Passman, 442 U.S. 228 (1979) ("Davis"), and an Eighth Amendment deliberate indifference claim in Carlson v. Green, 446 U.S. 14 (1980) ("Carlson"). The Court noted, to recognize a Bivens cause of action, a court must discern if it has authority "to create and enforce a cause of action for damages against federal officials in order to remedy a constitutional violation." Abbasi, 582 U.S. at 133. The Court also opined that expanding the Bivens remedy is now a "disfavored judicial activity." Id. at 135 (quotation omitted).

If a claim "presents a new Bivens context," id. at 139, a court then must assess whether any "special factors counsel[ ] hesitation" in recognizing a remedy "in the absence of affirmative action by Congress." Id. at 136; but see Egbert v. Boule, 596 U.S. 482, 492 (2022) (noting that,

5

although Abbasi "describe[s] two steps," the steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy," and suggesting that a "rational reason" to defer to Congress will be present "in most every case").

A Bivens claim is "new" if the case differs "in a meaningful way from previous Bivens cases decided by" the Court. Abbasi, 582 U.S. at 139. Such meaningful differences include:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the function of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

Id. at 140.

Plaintiff's instant claims present a new context that is meaningfully different from the causes of action the Supreme Court previously recognized, and he names a new type of defendant – Supreme Court employees – as opposed to prison officials failing to provide adequate medical treatment in Carlson, a Congressman making employment determinations in Davis, or arresting federal narcotics agents in Bivens. See Abbasi, 582 U.S. at 140 (listing "the rank of the officers involved" and "the constitutional right at issue" as potential meaningful differences); Hernandez v. Mesa, 589 U.S. 93, 103 (2020) (noting a Bivens claim "may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized"); Annappareddy v. Pascale, 996 F.3d 120, 132–34 (4th Cir. 2021) (citing Abbasi and agreeing "*Bivens* has never 'been extended to a Fifth Amendment due process claim'").

After finding this case is "meaningfully different" from Bivens causes of action previously recognized, the court also finds there are "special factors" counseling hesitation before expanding the Bivens remedy as plaintiff's issues may be addressed by motions directed to the Supreme Court or the U.S. District Court for the Eastern District of Oklahoma. See Abbasi, 582 U.S. at 136; Earle

6

v. Shreves, 990 F.3d 774, 780 (4th Cir.) (noting, although "alternate remedies do not permit an award of money damages, they nonetheless offer the possibility of meaningful relief and remain relevant" to the "special factor" analysis), cert. denied, 142 S. Ct. 358 (2021); see also Bradd v. Leinenweber, 287 F. App'x 530, 531 (7th Cir. 2008) (finding frivolous a Bivens action by a federal inmate alleging a federal judge and unnamed court clerk's office employee conspired to deny him due process, and noting the inmate's proper remedy was either appeal or motions to the court).

Answering the Supreme Court's ultimate Bivens remedy expansion query – "whether there is any reason to think that Congress might be better equipped to create a damages remedy," Egbert, 596 U.S. at 492 – there indeed is a "rational reason" for the court to defer to Congress for creation of a damages remedy in this case, and the court declines to extend the Bivens remedy, see Abbasi, 582 U.S. at 140, 147 (noting, extension of the Bivens remedy "is a decision for the Congress to make, not the courts," and "even a modest [Bivens] extension is still an extension").

Finally, because this complaint cannot be cured by amendment, dismissal is appropriate. See Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015).

### Conclusion:

In sum, the court: DISMISSES WITHOUT PREJUDICE the complaint for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim upon which relief may be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii); DENIES AS MOOT the motions to proceed without prepayment of fees [D.E. 2], for a hearing [D.E. 8], for an order imposing fines [D.E. 9], for an order for an immediate ruling [D.E. 10], and to compel [D.E. 11]; and DIRECTS the clerk to close the case.

SO ORDERED this 11th day of February, 2026.

RICHARD E. MYERS II
Chief United States District Judge